■ In the Matter of HERBERT LANE et al., Respondents. GUSTA PHILLIPS, Appellant.—Judgment, Supreme Court, New York County, entered March 22, 1978, granting petition for appointment of a conservator of the property of appellant's wife, unanimously modified, on the law, without costs and without disbursements, to the extent of striking so much of it as directed appellant to make all payments for the maintenance and support of conservatee in the nursing home in which she is presently confined from his own assets and directed certain payments to the conservatee to be held in escrow and not applied to payment of conservatee's nursing home expenses, without prejudice to the conservator's right in an appropriate proceeding to seek support from appellant, and otherwise affirmed. In this appeal from a judgment appointing a conservator, the only issue is raised by that part of the judgment that directed the appellant, the conservatee's husband, to make from his own assets all payments for the maintenance and support of the conservatee in the nursing home in which she is presently confined from his own assets. We are in agreement with appellant's central contention that he was not fairly informed that the court would include in its judgment a direction with regard to his obligation to support the conservatee from his own separate funds, and that he was not afforded an adequate opportunity to litigate the nature and extent of his obligation. The petition to appoint a conservator, initiated by the conservatee's children by a prior marriage, included in its proposed plan the following: "(d) To institute an action against David Phillips, the proposed Conservatee's husband, seeking support for the proposed Conservatee in the event he refuses to voluntarily support his wife." Implicit in that subdivision was a proposal that such an action should be brought by the conservator thereafter, not that the instant proceedings were to be the vehicle for determining the question. Accordingly, it is unnecessary to address the separate question raised whether in a proceeding to appoint a conservator pursuant to article 77 of the Mental Hygiene Law, the court has the power to require support from the spouse of a conservatee. Under the circumstances presented, we do not think it prudent to direct at this time restitution to the appellant of the money paid pursuant to the judgment appealed from. (See CPLR 5523.) The facts before us are inadequate to permit a determination as to the impact such an order of restitution would have on the capacity of the conservator to discharge his duties to the conservatee, or to reach an informed judgment as to the

underlying merits. (See Family Ct Act, § 412.) Concur—Kupferman, J. P., Sandler, Lane, Markewich and Silverman, JJ.